IN THE UNITED STATED DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| IN RE APPLICATION FOR AN | § | |
| ORDER PURSUANT TO 28 U.S.C. 1782 | § | |
| AUTHORIZING DISCOVERY FOR USE | § | CASE NO. 3:25-MC-88-B-BK |
| IN FOREIGN PROCEEDINGS | § | |
| | § | |

**MEMORANDUM OPINION AND ORDER**

Pursuant to the District Judge's *Standing Order of Reference*, Doc. 7, this miscellaneous case is referred to the undersigned United States magistrate judge. This *Application for Order Pursuant to 28 U.S.C. § 1782 to Obtain Discovery for Use in Foreign Proceeding*, Doc. 1, is before undersigned United States magistrate judge for determination. As detailed below, the Application is **GRANTED**.

## I. BACKGROUND

Motorola Mobility, LLC, Motorola Mobility International Sales, LLC, Motorola Mobility Germany GmbH, and Lenovo Deutschland GmbH (collectively, "Lenovo" or "Applicants") are currently in patent litigation brought by Advanced Standard Communication, LLC ("ASC"), in the Unified Patent Court's Munich Local Division ("UPC")[1] and Munich District Court I in Germany[2] (the "Foreign Proceedings"). Doc. 1-1 at 5. Applicants are a collection of consumer electronics and mobile communications companies. ASC is a patent licensing entity. ASC

---

[1] The UPC "is a Court, comprising judges from all participating Member States of the European Union. It is set up to decide in particular on the infringement and validity of both Unitary Patents and classic European Patents. The UPC is a Court common to currently seventeen EU Member States for which the Agreement on a Unified Patent Court (UPCA) has entered into force on 1 June 2023." https://www.unified-patent-court.org/en.

[2] Advanced Standard Communication brought two separate actions against Applicants for allegedly infringing two different European patents. Doc. 1-1 at 7.

alleges that it obtained the patents at issue from ZTE Corporation ("ZTE").  *See* Doc. 1-1 at 7; Doc. 1-2 at 32 (App. 030).   Applicants thus seek a limited scope of discovery regarding agreements between ZTE and ASC regarding the patents, its counterparts, the valuation of those patents, and documents relating to any litigation funding ASC has.  *See* Doc. 1-2 at 12-13, 30 (App. 10-11, 28).  Applicants contend this information and documentation is necessary for their defenses in the Foreign Proceedings.  *See* Doc. 1-1 at 8-10.

## II. APPLICABLE LAW

"Section 1782 is the product of congressional efforts . . . to provide federal-court assistance in gathering evidence for use in foreign tribunals."  *Intel Corp. v. Advanced Micro Devices, Inc.*, 542 U.S. 241, 247 (2004).  Section 1782(a) authorizes district courts to provide judicial assistance in matters before a foreign tribunal.  28 U.S.C. § 1782(a).  Before a court may grant such assistance, however, three statutory requirements must be satisfied: "(1) the person from whom discovery is sought must reside or be found in the district in which the application is filed; (2) the discovery must be for use in a proceeding before a foreign tribunal; and (3) the application must be made by a foreign or international tribunal or any interested person."  *Bravo Express Corp. v. Total Petrochemicals & Ref. U.S.*, 613 F. App'x 319, 322 (5th Cir. 2015) (citing 28 U.S.C. § 1782(a)).

"[O]nce an interested party makes the requisite showing that it has met the statutory factors, the district court judge has the discretion to grant the application seeking the authority to issue subpoenas."  *Tex. Keystone, Inc. v. Prime Natural Res., Inc.*, 694 F.3d 548, 553, 553& n.2 (5th Cir. 2012).  Those discretionary factors "that district courts should consider" are:

> (i) whether "the person from whom discovery is sought is a participant in the foreign proceeding," since "nonparticipants in the foreign proceeding may be outside the foreign tribunal's jurisdictional reach" and therefore their evidence may be "unobtainable absent § 1782(a) aid," (ii) "the nature of the foreign tribunal, the

character of the proceedings underway abroad, and the receptivity of the foreign government or the court or agency abroad to U.S. federal-court judicial assistance," (iii) "whether the § 1782(a) request conceals an attempt to circumvent foreign proof-gathering restrictions or other policies of a foreign country or the United States," and (iv) whether the § 1782(a) request is "unduly intrusive or burdensome."

*Ecuadorian Plaintiffs v. Chevron Corp.*, 619 F.3d 373, 376 n.3 (5th Cir. 2010) (quoting *Intel Corp.*, 542 U.S. at 264-65). "The bounds of the district court's discretion are informed by the twin aims of the statute, which are to provide efficient means of assistance in our federal courts to participants in international litigation . . . and to encourage foreign countries by example to provide similar means of assistance to our courts." *Bravo Express Corp.*, 613 F. App'x at 321-22 (cleaned up). Once the district court grants a § 1782 application, the Federal Rules of Civil Procedure govern discovery requests. *Tex. Keystone, Inc.*, 694 F.3d at 554.

## III. ANALYSIS

### A. The Statutory Requirements of § 1782 Are Met.

The first requirement is that the respondent reside or be found in this district. 28 U.S.C. § 1782(a). Applicants have alleged and provided supporting documentation that ASC is a limited liability company organized under the laws of Delaware and with its registered office address in Garland, Texas, which Applicants contend is ASC's principal place of business. Doc. 1-1 at 7, 13; Doc. 1-2 at 56-58 (App. 54-56). Section 1782's "resides or is found" language "extends to the limits of personal jurisdiction consistent with due process." *In re del Valle Ruiz,* 939 F.3d 520, 523 (2d Cir. 2019); *see also Daimler AG v. Bauman*, 571 U.S. 117, 137 (2014) ("With respect to a corporation, the place of incorporation and principal place of business are

'paradig[m] . . . bases for general [personal] jurisdiction.'"). The Court thus finds that ASC "resides or is found" in the Northern District of Texas for the purposes of § 1782.

The second requirement is that the materials be sought "for use in a proceeding in a foreign or international tribunal." 28 U.S.C. § 1782(a). "[A] 'foreign tribunal' is one that exercises governmental authority conferred by a single nation, and an 'international tribunal' is one that exercises governmental authority conferred by two or more nations. Private adjudicatory bodies do not fall within § 1782." ZF Auto. US, Inc. v. Luxshare, Ltd., 596 U.S. 619, 633 (2022). By declaration, counsel for Applicants has sworn under oath that proceedings involving Applicants and ASC are currently underway in the UPC and German courts, and that Applicants plan to use the materials sought as evidence in those proceedings. Doc. 1-2 at 3-6.

Although undisputed by the Parties, because of its recent creation, it is worth confirming that the UPC is an international tribunal under Section 1782. "A tribunal is 'international' when it involves or is of two or more nations, meaning that those nations have imbued the tribunal with official power to adjudicate disputes." ZF Auto. US, Inc., 596 U.S. at 630. The Unified Patent Court Agreement signed by the respective Member States, provides that the UPC is imbued with the power to adjudicate the merits of patent disputes, including deciding issues of infringement, validity, enforceability, and remedies. See Agreement on a Unified Patent Court, art. 1, 32, Apr. 20, 2013. Thus, the UPC is imbued with official power to adjudicate disputes and is an international tribunal under Section 1782. Therefore, the second statutory requirement is met.

The third and final statutory requirement is that the applicants be "interested person[s]." 28 U.S.C. § 1782(a). Here, Applicants aver they are litigants in the Foreign Proceedings. Doc. 1-2 at 3-5. Litigants in a foreign proceeding constitute interested persons within the meaning of § 1782(a). Intel Corp., 542 U.S. at 256. Thus, the third statutory requirement is met.

4

## B. The *Intel* Discretionary Factors Favor Granting the Application.

Having satisfied all statutory requirements for a § 1782 request, this Court is left with broad discretion to grant or deny the application. 28 U.S.C. § 1782(a) (providing that "the district court . . . *may*" issue a § 1782(a) order" (emphasis added)). Based on the following factors, the Court determines that grant of the application is warranted.

### 1. Factor One.

The first discretionary factor is two-part: whether the subpoena recipient is also party to the foreign proceeding, and, if not, whether the evidence is "unobtainable absent § 1782(a) aid." *Intel Corp.*, 542 U.S. at 264; *Ecuadorian Plaintiffs*, 619 F.3d at 376 n.3. Here, Applicants seek information and documents from ASC and ASC is the party to the Foreign Proceedings. *See* Docs. 1, 1-1. When, as here, "the person from whom discovery is sought is a participant in the foreign proceeding . . ., the need for § 1782(a) aid generally is not as apparent as it ordinarily is when evidence is sought from a nonparticipant in the matter arising abroad." *Intel Corp.*, 542 U.S. at 264. This is because the "foreign tribunal has jurisdiction over those appearing before it, and can itself order them to produce evidence." *Id.* "In contrast, nonparticipants in the foreign proceeding may be outside the foreign tribunal's jurisdictional reach; hence, their evidence, available in the United States, may be unobtainable absent § 1782(a) aid." *Id.*

However, "there is no rule that § 1782 applications can only be granted where the party from whom discovery is sought is not a party to the foreign proceeding." *In re Thales Dis Ais Deutschland GmbH*, No. 3:21-mc-303, 2021 WL 7707268, at *2 (N.D. Tex. Nov. 5, 2021) (Scholer, J.) (cleaned up). Rather, ASC's "connection to the foreign proceeding is part of a broader inquiry: whether the discovery is outside the foreign tribunal's jurisdictional reach, and thus unobtainable absent § 1782(a) aid." *Id.* (citation omitted).

5

Here, Applicants have shown that the discovery it seeks is likely unobtainable in the German proceeding.  The Declaration of Dr. Tobias Wuttke, attorney for Applicants in the Foreign Proceedings, submitted in support of the § 1782 Application, suggests that the German courts do not have the authority to compel a party to the German proceeding—here, ASC —to submit any documents.  Doc. 1-2 at 9 ¶ 17.  Dr. Wuttke avers that German courts may only request the submission of documents specified or referred by a party to the German proceeding and lack authority to investigate or order the investigation of facts or documents not already specified by the parties of the action.  Doc. 1-2 at 14-15 ¶ 30; *see In re Thales*, 2021 WL 7707268, at *2 (finding "evidence that production of documents in German civil lawsuits is limited to documents that can be specifically identified, rather than categories of documents that are relevant to the litigation" weighed in favor of granting a § 1782 application); *see also In re Ord. Pursuant to 28 U.S.C. § 1782 to Obtain Discovery for Use in Foreign Proc.*, No. CV 4:23-mc-96, 2025 WL 714374, at *5 (E.D. Tex. Mar. 5, 2025) (Mazzant, J.) (citing *In re Thales* in support of the court's finding that *Intel* discretionary factor one favored granting a § 1782 application because broad discovery was unlikely in German courts).

Applicants argue that similar pre-trial discovery limitations exist in the UPC.  Doc. 1-1 at 7-8.  Dr. Wuttke avers that the UPC can compel a litigant subject to its jurisdiction to produce documents in its possession, but, like Germany, its rules "expressly require specific identification of such evidence."[3]  Doc. 1-2 at 15 ¶ 31.  Again, the UPC is a relatively new tribunal.  While the

---

[3] For example, UPC Rule of Procedure 190(1) provides that

> [w]here a party has presented reasonably available and plausible evidence in support of its claims and has, in substantiating those claims, specified evidence which lies in the control of the other party or a third party, the [UPC] may on a reasoned request by the party specifying such evidence, order that other party or third party to produce such evidence.

UPC's discovery provisions appear more restrictive than those employed by U.S. courts, the Court cannot conclude that Applicants cannot obtain their requested materials through the UPC directly.  A more definitive conclusion would require speculation about how the UPC might handle Applicant's hypothetical discovery request or an inappropriately in-depth interpretation of foreign law.  *See Ecuadorian Plaintiffs*, 619 F.3d at 378 (counseling against "speculative forays into legal territories unfamiliar to federal judges," when determining if section 1782(a) discovery is proper (cleaned up)).  Unlike Germany, the UPC—in its less than three years of existence— has yet to demonstrate that it is unlikely to allow Applicants' discovery request.

Having considered the Parties' respective submissions on this factor, the Court concludes that Applicants have shown that the information it seeks is unavailable in the German actions, but it has not shown that the discovery it seeks is unavailable in the UPC action.  Thus, factor one weighs in favor of granting the Application with respect to the German proceedings but is neutral with respect to the UPC proceeding.

### 2.  *Factor Two.*

The second discretionary factor is, essentially, whether the foreign jurisdiction will accept the evidence Applicants seek, or whether the "nature of the foreign tribunal" and "the character of the proceedings underway abroad" would preclude the use of such evidence. *Ecuadorian Plaintiffs*, 619 F.3d at 376 n.3.

It is currently unclear if the UPC will be receptive to U.S. discovery.  As stated *supra*, the UPC is a new tribunal and there are few data points indicating whether and under what circumstances the UPC would be receptive to information obtained by means of a § 1782 application or from a source other than an UPC member jurisdiction.  For that reason, the Court of Appeals for the Fifth Circuit has yet to squarely address this issue and the federal

district courts that have weighed in are split on how to weigh factor two.  *Compare In re Netgear Inc.*, 2024 WL 390059, at \*5 (S.D. Cal. Jan. 31, 2024) (concluding that the second *Intel* factor weighed against allowing discovery because the UPC is new and "it is unclear how [it] views section 1782 evidence or how receptive it is to U.S. federal-court jurisdictional assistance"), *with In re Volkswagen AG*, 2024 WL 1556912, at \*2 (E.D. N.Y. Apr. 10, 2024) (concluding that the second *Intel* factor favored granting §1782(a) discovery because there was "no reason to believe the UPC [would] not be receptive to receiving evidence obtained via a United States proceeding"); *see also In re Volkswagen AG*, 2024 WL 4452588, at \*5 (D. Me. Oct. 9, 2024) (concluding that absent "clearer evidence of the UPC's receptivity from either party, the second *Intel* factor weighs neutrally on section 1782(a) discovery.").

However, under the Fifth Circuit's standard for evaluating factor two, the undersigned finds that here, it favors granting the Application for both the UPC and German proceedings. The Fifth Circuit has held that the party opposing discovery bears the burden of proving that the foreign tribunal would not be receptive to the evidence and that, absent such proof, the factor weighs in favor of granting discovery.  *Ecuadorian Plaintiffs*, 619 F.3d at 378.  To carry that burden, the party opposing discovery must submit "authoritative proof" that a foreign tribunal would reject evidence due to a foreign privilege.  *Id*; *accord Euromepa S.A. v. R. Esmerian, Inc.*, 51 F.3d 1095, 1100 (2d Cir. 1995) (observing that such authoritative proof may include "a forum country's judicial, executive[,] or legislative declarations that specifically address the use of evidence gathered under foreign procedures[.]").  In the instant matter, there is nothing to suggest that the UPC or German courts would be unreceptive to the evidence sought in this application.

### 3. *Factor Three.*

The third discretionary factor is "whether the § 1782(a) request conceals an attempt to circumvent foreign proof-gathering restrictions or other policies of a foreign country or the United States." *Ecuadorian Plaintiffs*, 619 F.3d at 376 n.3. Applicants' proffered evidence demonstrates that German courts are generally receptive to discovery obtained with § 1782 assistance. Doc. 1-1 at 16-18; Doc. 1-2 at 18-19. *See In re Thales*, 2021 WL 7707268, at *3 ("[N]othing suggests that the [application] conceals an attempt to circumvent proof-gathering restrictions or other policies, as evidenced by the likelihood that German courts will accept discovery obtained using § 1782 assistance."). Applicants also aver that it is not attempting to circumvent foreign proof-gathering restrictions of the UPC. Doc. 1-1 at 18. And "[n]othing suggests that the UPC disfavors litigants who seek outside discovery or would reject judicial assistance from United States courts, much less that the requested discovery is beyond what the UPC itself would allow. Should the UPC in fact operate differently, it can simply reject the fruit of any section 1782(a) discovery." *In re Volkswagen AG*, 2024 WL 4452588, at *5. The Court is persuaded that Applicants do not conceal an attempt to circumvent foreign proof-gathering restrictions or other policies of a foreign country or the United States. Thus, factor three weighs in favor of granting the Application.

### 4. *Unduly burdensome or intrusive discovery.*

The fourth discretionary factor is whether the § 1782(a) request is "unduly intrusive or burdensome." *Ecuadorian Plaintiffs*, 619 F.3d at 376 n.3. Under *Intel*, "unduly intrusive or burdensome requests may be rejected or trimmed." 542 U.S. at 265. On its face, the subpoena does not appear unduly intrusive or burdensome. Applicants have proffered a cognizable basis for the information sought, have only made five requests in their subpoena, and contend they will

agree to the entry of an appropriate protective order if ASC asserts any of the information sought is confidential or proprietary.  *See* Doc. 1-1 at 19; Doc. 1-2 at 12-13, 30 (App. 10-11, 28).  Thus, factor four weighs in favor of granting the Application.

## IV. CONCLUSION

For the foregoing reasons, the Application, Doc. 1, is **GRANTED**.  It is **ORDERED** that Applicants are authorized under 28 U.S.C. § 1782 to issue a subpoena to Advanced Standard Communication, LLC, in the form of the subpoena attached as Exhibit 1 (Doc. 1-2 at 21-30) to the Application.

**SO ORDERED** on May 15, 2026.

RENEE HARRIS TOLIVER
UNITED STATES MAGISTRATE JUDGE