UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| IN RE APPLICATION FOR AN | § | |
| ORDER PURSUANT TO 28 U.S.C. 1782 | § | |
| AUTHORIZING DISCOVERY FOR USE IN | § | CASE NO. 3:25-MC-88-B-BK |
| FOREIGN PROCEEDINGS | § | |
| | § | |

## MEMORANDUM OPINION AND ORDER

This Order addresses Respondent Advanced Standard Communication, LLC's Rule 72 Objections, Doc. 23.  For the following reasons, the Court overrules the Objections and adopts the May 15, 2026, Order of United States Magistrate Judge Renée Toliver.

## I. BACKGROUND[1]

This case concerns a discovery dispute under 28 U.S.C. § 1782.  Motorola Mobility, LLC, Motorola Mobility International Sales, LLC, Motorola Mobility Germany GmbH, and Lenovo Deutschland GmbH (collectively, "Motorola" or "Applicants") are engaged in patent litigation against Advanced Standard Communication, LLC ("ASC"), in the Unified Patent Court's Munich Local Division ("UPC")[2] and Munich District Court I in Germany (the "Foreign Proceedings").

---

[1] The Court incorporates the factual background presented by the magistrate judge in her *Memorandum Opinion and Order*, Doc. 21.

[2] The UPC "is a Court, comprising judges from all participating Member States of the European Union.  It is set up to decide in particular on the infringement and validity of both Unitary Patents and classic European Patents.  The UPC is a Court common to currently seventeen EU Member States for which the Agreement on a Unified Patent Court (UPCA) has entered into force on 1 June 2023."  https://www.unified-patent-court.org/en.

Doc. 1-1 at 5. Applicants are a collection of consumer electronics and mobile communications entities. ASC is a patent licensing entity.

Applicants filed an *Application for an Order Pursuant to 28 U.S.C. § 1782 to Obtain Discovery for Use in Foreign Proceeding*, Doc. 1, and the magistrate judge referred to in this action entered an Order granting the Application and authorizing Applicants under 28 U.S.C. § 1782 to issue a subpoena to ASC in the form of the subpoena attached as Exhibit 1 (Doc. 1-2 at 21-30) to the Application. Doc. 21; *In re Application for an Ord. Pursuant to 28 U.S.C. 1782 Authorizing Discovery for Use in Foreign Proc.*, No. 3:25-mc-88, 2026 WL 1379685, at *1 (N.D. Tex. May 15, 2026) (Toliver, M.J.). ASC subsequently filed a Rule 72 objection to the magistrate judge's Order. Doc. 23.

## II. APPLICABLE LAW

### A. Rule 72

Federal Rule of Civil Procedure 72(a) provides that a "district judge . . . must consider timely objections" to a magistrate judge's order on a nondispositive matter "and modify or set aside any part of the order that is clearly erroneous or is contrary to law." FED. R. CIV. P. 72(a). The Rule's " 'clearly erroneous' standard applies to the factual components of the magistrate judge's decision," *Lahr v. Fulbright & Jaworski, LLP.*, 164 F.R.D. 204, 208 (N.D. Tex. 1996) (quoting *Smith v. Smith*, 154 F.R.D. 661, 665 (N.D. Tex. 1994)), while the "contrary to law language . . . applies to the magistrate judge's legal conclusions," which are, therefore, "reviewable *de novo*." *Okechuku v. United States*, No. 3:19-cv-1005, 2019 WL 6497876, at *1 (N.D. Tex. Dec. 3, 2019) (Boyle, J.) (internal quotation marks omitted) (citation omitted).

"Rule 72(a) . . . set[s] out a highly deferential standard [that] requires the court to affirm the decision of the magistrate judge unless on the entire evidence [the court] is left with a definite and firm conviction that a mistake has been committed." *Tige Boats, Inc. v. Interplastic Corp.*, No. 1:15-cv-114, 2015 WL 9268423, at *2 (N.D. Tex. Dec. 21, 2015) (Solis, J.) (first two alterations added) (internal quotation marks omitted) (quoting *Baylor Health Care Sys. v. Equitable Plan Servs., Inc.*, 955 F. Supp. 2d 678, 689 (N.D. Tex. 2013)).

**B. Section 1782(a) Discovery**

Section 1782(a) authorizes district courts to provide judicial assistance in matters before a foreign tribunal. 28 U.S.C. § 1782(a). Before a court may grant such assistance, however, three statutory requirements must be satisfied: "(1) the person from whom discovery is sought must reside or be found in the district in which the application is filed; (2) the discovery must be for use in a proceeding before a foreign tribunal; and (3) the application must be made by a foreign or international tribunal or any interested person." *Bravo Express Corp. v. Total Petrochemicals & Ref. U.S.*, 613 F. App'x 319, 322 (5th Cir. 2015) (citing 28 U.S.C. § 1782(a)).

Once the party seeking discovery shows it has met the statutory factors, "the district court judge has the discretion to grant the application seeking the authority to issue subpoenas." *Tex. Keystone, Inc. v. Prime Natural Res., Inc.*, 694 F.3d 548, 553 & n.2 (5th Cir. 2012). The discretionary factors "that district courts should consider" are:

> (i) whether "the person from whom discovery is sought is a participant in the foreign proceeding," since "nonparticipants in the foreign proceeding may be outside the foreign tribunal's jurisdictional reach" and therefore their evidence may be "unobtainable absent § 1782(a) aid," (ii) "the nature of the foreign tribunal, the character of the proceedings underway abroad, and the receptivity of the foreign government or the court or agency abroad to U.S. federal-court judicial assistance," (iii) "whether the § 1782(a) request conceals an attempt to circumvent foreign proof-

gathering restrictions or other policies of a foreign country or the United States," and (iv) whether the § 1782(a) request is "unduly intrusive or burdensome."

*Ecuadorian Plaintiffs v. Chevron Corp.*, 619 F.3d 373, 376 n.3 (5th Cir. 2010) (quoting *Intel Corp. v. Advanced Micro Devices, Inc.*, 542 U.S. 241, 264-65 (2004)).  "The bounds of the district court's discretion are informed by the twin aims of the statute, which are to provide efficient means of assistance in our federal courts to participants in international litigation . . . and to encourage foreign countries by example to provide similar means of assistance to our courts." *Bravo Express Corp.*, 613 F. App'x at 321-22 (cleaned up).

Once the district court grants a § 1782 application, the Federal Rules of Civil Procedure govern discovery requests.  *Tex. Keystone, Inc.*, 694 F.3d at 554.

## III. ANALYSIS

ASC objects to the Magistrate Judge's Order authorizing § 1782 discovery and argues that the Order did not consider an April 12, 2026, UPC Order denying Motorola's discovery request under UPC Rule 190 for ASC to produce the same documents sought here.  Doc. 23 at 6.  ASC does not dispute that the three statutory requirements of § 1782 are met, but instead argues the Order did not consider the UPC Order in the assessment of the *Intel* factors.  Doc. 23 at 6-7.  Upon review, the Objections fail to show that the magistrate judge's Order was clearly erroneous or contrary to law.

For factor one, ASC argues that because the UPC issued an order denying Lenovo's discovery, it demonstrates that the request is within its reach, and thus this factor weighs against granting the Application with respect to the UPC proceedings.  Doc. 23 at 10-11.  The Court finds

4

that factor one weighs against granting the Application with respect to the UPC Proceedings because the UPC in fact entertained Motorola's discovery request and ruled on it.

As to factor two, ASC argues that the UPC Order "confirms that the UPC would not be receptive to discovery of the" Patent Purchase Agreement. Doc. 23 at 11. But there is still no "authoritative proof that a foreign tribunal would reject evidence because of a violation of [an] alleged [foreign] privilege." *Ecuadorian Plaintiffs*, 619 F.3d at 378 (cleaned up). Thus, the Court agrees with the magistrate judge that this factor weighs in favor of granting the Application.

For factor three, ASC contends that the UPC Order "removes any doubt" because, "[a]pplying its own Rule 190 framework, the UPC declined to order production of the PPA, which is an express proof-gathering restriction." Doc. 23 at 12. But as the magistrate judge correctly noted, "[n]othing suggests that the UPC disfavors litigants who seek outside discovery or would reject judicial assistance from United States courts. . . . Should the UPC in fact operate differently, it can simply reject the fruit of any section 1782(a) discovery." *In re Application*, 2026 WL 1379685 at *5 (cleaned up). Indeed, another judge, in responding to a similar argument by ASC in a different case, correctly observed that ASC's contention "takes the analysis of [factor three] down to a level of granularity that *Intel* doesn't support—and turns this into something akin to non-mutual collateral estoppel." *In re Ex Parte Application of Xiaomi Inc. for an Order Pursuant to 28 U.S.C. § 1782 to Obtain Discovery for Use in Foreign Proceeding*, No. 3:25-mc-71-K-BN (N.D. Tex. 2026), Dkt. No. 37 at 9 (Horan, M.J.). Thus, the Court agrees with the magistrate judge that

Motorola is not concealing an attempt to circumvent foreign proof-gathering restrictions and that this factor weighs in favor of granting the Application.

As to factor four, ASC argues that the UPC Order makes Motorola's requests irrelevant and intrusive, because the UPC Order said the information sought was irrelevant to Motorola's defense. Doc. 23 at 13. The Court is unpersuaded by ASC's argument and agrees with the magistrate judge that the subpoena does not appear unduly intrusive or burdensome. *See In re Application*, 2026 WL 1379685, at *5. The Court agrees with the magistrate judge that this factor weighs in favor of granting the Application.

The Court agrees with the reasoning provided within the Memorandum Order and concludes that the Objections fail to show that the magistrate judge's Order was clearly erroneous or contrary to law.

## IV. CONCLUSION

For the reasons stated above, the Court **OVERRULES** ASC's Objections, Doc. 23, in their entirety and **ADOPTS** Judge Toliver's Memorandum Order, Doc. 21, regarding Applicants' *Application for an Order Pursuant to 28 U.S.C. § 1782 to Obtain Discovery for Use in Foreign Proceeding*, Doc. 1.

The Court further **DENIES** Applicant's Motion to Expedite Consideration, Doc. 30, as **MOOT**.

SO ORDERED.

SIGNED: July 27, 2026.

_____
JANE J. BOYLE
SENIOR UNITED STATES DISTRICT JUDGE

6